IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

UNITED STATES OF AMERICA

v.

RANDALL V. RULE

§
§
§
§
§
§
§
§

Case No. 6:22-cr-64-JDK

**ORDER DENYING MOTIONS TO DISMISS**

Defendant Randall V. Rule is charged with two counts of conspiracy to commit money laundering, several counts of money laundering and aiding and abetting, and one count of conspiracy to violate the Bank Secrecy Act. Before the Court are Defendant's two motions to dismiss, which seek a dismissal of all counts against him. Docket Nos. 233; 234. Both motions lodge general complaints related to Defendant's claimed "sovereign citizenship" and repeat arguments the Court has previously rejected, *see, e.g.*, Docket Nos. 115; 164; 232. These grievances are wholly without merit and do not support dismissal. Defendant's remaining cognizable arguments are analyzed below. As the Court explains, Defendant's motions to dismiss fail and are therefore **DENIED** (Docket Nos. 233; 234).

*First*, Defendant contends that the arraignment of the first superseding indictment was invalid. Docket No. 233 at 6. This argument is meritless. The superseding indictment was issued on November 16, 2022. Docket No. 69. Defendant acknowledged receipt of the superseding indictment on November 30, 2022. Docket No. 74. Defendant was present at the initial appearance and arraignment for the

1

superseding indictment on December 14, 2022, which was not completed because the Court determined that Defendant's behavior was unduly disruptive.  On December 20, 2022, a waiver of arraignment form was sent to Defendant, which he signed and filed on December 28, 2022.  Docket No. 89.  Nevertheless, out of an abundance of caution, the Court rearraigned Defendant on the morning of trial.  Defendant's first argument therefore fails.

*Second*, Defendant contends he was unconstitutionally compelled to have standby counsel.  Docket No. 233 at 4; Docket No. 234 at 12.  This argument is baseless and, in any event, waived.  On the first morning of trial, before jury selection began, the Court offered Defendant the opportunity to have standby counsel sit at the table with Defendant and be available for Defendant's questions or consultation.  Defendant agreed.  From jury selection and throughout the first day of trial to the present, Defendant has repeatedly consulted with and sought the advice of standby counsel.  Defendant has therefore waived this argument.  Further, the Court has the discretion and power to appoint "standby counsel—even over the defendant's objection—if necessary."  *Martinez v. Ct. of Appeal of California, Fourth App. Dist.*, 528 U.S. 152, 162 (2000).

*Third*, Defendant suggests that his right to a speedy trial has been violated.  As an initial matter, the Court notes that Defendant has repeatedly asked to continue the trial setting, including as recently as two weeks ago.  *See, e.g.*, Docket Nos. 224; 227; 228.  Further, the continuances granted by the Court were ends-of-justice continuances that properly tolled the Speedy Trial Act.  *See United States v. Gordon*,

93 F.4th 294, 305 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 226 (2024) ("[E]nds-of-justice continuances only toll the Speedy Trial Act when the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."). Defendant has not been denied a speedy trial.

*Fourth*, Defendant contends that his Sixth Amendment right of confrontation has been violated because his co-defendant died following the original indictment in this matter. Specifically, Defendant challenges the admission of recordings of statements made by his co-defendant to a confidential informant during and in furtherance of the conspiracy. But "[s]tatements made by a co-conspirator during the course and in furtherance of a conspiracy are by their nature generally nontestimonial and thus are routinely admitted against an accused despite the absence of an opportunity for cross-examination." *United States v. Holmes*, 406 F.3d 337, 348–49 n.17 (5th Cir. 2005). As the *Holmes* court explained, "*Crawford* is not applicable to [hearsay statements made during the course and in furtherance of a conspiracy] because they are not testimonial hearsay statements." *Id.* (citing *United States v. Delgado,* 401 F.3d 290, 299 (5th Cir. 2005)). And this remains true when the statement is made by a co-conspirator to an informant working with law enforcement. *See Bourjaily v. United States,* 483 U.S. 171, 181–84 (1987) (holding that a co-conspirator's statements to an FBI informant were admissible and did not violate the Confrontation Clause despite the absence of opportunity for cross-examination and unavailability of declarant/co-conspirator). Finally, Defendant's co-

3

conspirator statements are not hearsay.  Under Federal Rule of Evidence 801, a statement "offered against an opposing party and was made by the party's co-conspirator during and in furtherance of the conspiracy" is not hearsay.  This rule does not have any availability requirements.  The Supreme Court, further, has explicitly rejected the application of the "unavailable rule" to co-conspirator's out-of-court statements.  *United States v. Inadi*, 475 U.S. 387, 396–400 (1986) (reasoning that "such statements provide evidence of the conspiracy's context that cannot be replicated, even if the declarant testifies to the same matters in court").

*Fifth*, Defendant argues that being in custody for the week leading up to trial and during trial has prevented him from preparing a defense.  Docket No. 233 at 24; Docket No. 234 at 32.  Under 18 U.S.C. § 3142(i), a court may temporarily release a person if it "determines such release to be necessary for preparation of the person's defense or for another compelling reason."  "As the plain language of this provision reveals, however, it applies in rare circumstances only:  when release is 'necessary' for defense preparations or when there is another 'compelling reason.'"  *United States v. Herndon*, 2023 WL 1766269, at *2 (E.D. Tex. Feb. 3, 2023).  Pretrial release is not granted merely "because it would be helpful, preferable, or even ideal for a defendant's trial preparations."  *Id.* (citing *United States v. Villegas*, 587 F. Supp. 3d 1010, 1013 (C.D. Cal. 2020).  The defendant, moreover, "bears the burden to show that temporary release is necessary."  *Id.*  (citing *United States v. Neice*, 2022 WL 562759, at *1 (N.D. Tex. Feb. 24, 2022) (holding that a defendant who merely requests a release "to further prepare for trial" was insufficient).

4

Defendant has not made such a showing here.  Rather, the record indicates that Defendant has had years to prepare a defense, has repeatedly filed motions even while in custody, and appeared present and ready on the first day of trial, participating in jury selection with several pre-written questions and presenting an opening statement that was in large part pre-written.  The Court further notes that Defendant was only very recently detained to ensure his presence at trial, has been on pre-trial release for more than two years following the superseding indictment, has had three court-appointed lawyers to work with him and prepare a defense, and has known about the present trial setting for more than six months—since August 13, 2024.  Docket No. 203.  Additionally, as early as May 3, 2024, Defendant has had access to the Government's trial materials, such as its proposed exhibit list, witness list, and jury instructions.  Docket Nos. 165–170.  Defendant's complaint about trial preparation is baseless.

Accordingly, the Court **DENIES** Defendant's motions to dismiss (Docket Nos. 233; 234).  The Court also reiterates its previous warnings to Defendant concerning frivolous filings and arguments.  Docket No. 164 at 3; Docket No. 115 at 4; Sept. 21, 2022 Hearing Tr. (Docket No. 87) at 8:14–20.

So **ORDERED** and **SIGNED** this **25th** day of **February, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

5